IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS RAY MAINVILLE,

                    Petitioner,

            v.                          CASE NO.  07-3025-SAC

STATE OF KANSAS,

                    Respondent.


O R D E R

        This petition for writ of habeas corpus, 28 U.S.C. 2254,
was filed pro se by an inmate of the Norton Correctional Facility,
Norton, Kansas.   The court granted petitioner time to satisfy the
filing fee for this action of $5.00 and to file his claims upon
forms provided by the court.  Petitioner complied with the court's
Order by paying the filing fee as well as submitting an Application
to Proceed Without Prepayment of Fees (Doc. 4).  He also submitted
an Amended Petition upon court-provided forms.  Having examined all
materials filed, the court finds that petitioner has not exhausted
all available state court remedies and may not proceed in federal
court at this time.  It further appears that his federal Petition
was not filed with the statute of limitations.


FACTS AND PROCEDURAL HISTORY

        Mr. Mainville was convicted of conspiracy to manufacture
methamphetamine upon his plea of nolo contendere in the District
Court of Riley County, Kansas.  He was sentenced on August 29,

2005, to 82 months in prison.  He did not directly appeal his conviction or sentence, and states he was informed he could not take a direct appeal after entering a plea.

Petitioner indicates he filed two state post-conviction motions in the Riley County District Court attempting to challenge his conviction.  On August 10, 2006, he filed a motion to correct manifest injustice claiming his counsel was ineffective and he was coerced into entering a plea agreement from which he derived no benefit.  The court dismissed this motion on August 10, 2006, stating the claims should be raised in a motion under K.S.A. 60-1507.  Petitioner filed a 1507 motion on November 3, 2006, which was denied without a hearing on November 14, 2006.  Petitioner states he did not appeal either of these denials, and again remarks he was told he could not appeal after entering a plea.

**CLAIMS**

As grounds for his federal Petition, Mr. Mainville claims (1) his plea was not voluntary or with full understanding, (2) his counsel was ineffective and did not advise him as to alternatives other than entering a plea, and (3) he has ADHD which may have prevented him from realizing he was in jail on the day the crime was committed.

**FAILURE TO FULLY EXHAUST STATE COURT REMEDIES**

It has long been settled that a "state prisoner must give

the state courts an opportunity to act on his claims before he
presents those claims to a federal court in a habeas petition."
O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  Exhaustion of
state court remedies is explicitly required by the federal habeas
statutes.  28 U.S.C. 2254(b)(1) provides:

> "An application for a writ of habeas corpus on
> behalf of a person in custody pursuant to the
> judgment of a State court shall not be granted
> unless it appears that -- (A) the applicant has
> exhausted the remedies available in the courts of
> the State. . . ."

Alternatively, the applicant must show that State corrective
process is either unavailable or ineffective.  28 U.S.C.
2254(b)(1)(B).

Generally, the exhaustion prerequisite is not satisfied
unless all claims asserted have been presented by "invoking one
complete round of the State's established appellate review
process."  O'Sullivan, 526 U.S. at 845.  In other words,
petitioner's claims must have been "properly presented" to the
"highest state court, either by direct review of the conviction or
in a post-conviction attack."  Dever v. Kansas State Penitentiary,
36 F.3d 1531, 1534 (10th Cir. 1994).  Petitioner admits he did not
directly appeal his conviction and did not appeal the denial of
either of his state post-conviction motions.  He therefore has not
presented his claims to the Kansas Court of Appeals and the highest
state court: the Kansas Supreme Court.  Thus, it is clear from the
Petition that Mr. Mainville has not exhausted state court remedies
on any of his claims.

Petitioner attempts to excuse his failure to exhaust state court remedies by alleging he was informed he had no right to appeal.  However, these allegations, even taken as true, do not establish that state corrective process was either unavailable or ineffective.  Generally, there is no right to direct appeal of a conviction based upon a plea.  Thus, neither the state trial judge nor defense counsel was in error if he or she informed Mr. Mainville he had no right to a direct appeal of his conviction. However, even if this advice discouraged petitioner from filing a direct appeal, he does not explain why it discouraged him from appealing the denial of his 1507 motion.  The judge deciding Mr. Mainville's pro se 1507 motion entered an opinion on the merits of his claims.  Petitioner does not allege he was informed he could not appeal this denial.  Even if Mr. Mainville failed to understand that he could appeal this decision under Kansas law, his lack of knowledge as to the law does not excuse his failure to exhaust state court remedies.  In sum, petitioner is not authorized to raise his claims in federal court until he has presented them to the state appellate courts, and he does not allege sufficient facts excusing him from that requirement.  The court concludes this action must be dismissed, without prejudice, for failure to exhaust state court remedies.


**FEDERAL PETITION APPEARS TO BE UNTIMELY**

The court also notes, but does not decide, that it appears

from the face of the Petition this federal action is time-barred[1].
The statute of limitations for filing a federal habeas corpus
petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an
> application for writ of habeas corpus by a person
> in custody pursuant to the judgment of a State
> court.  The limitation period shall run from . . .
> (A) the date on which the judgment became final by
> the conclusion of direct review or the expiration
> of the time for seeking such review . . . .

A statutory exception exists in that the

> time during which a properly filed application for
> State post-conviction or other collateral review
> with respect to the pertinent judgment or claim is
> pending shall not be counted toward any period of
> limitation . . . .

28 U.S.C. 2244(d)(2).  Mr. Mainville's conviction became "final"
for purposes of Section 2244(d)(2) after the time in which he could
have filed a direct appeal expired, or ten days after he was
sentenced.  The next day, September 9, 2005, the one-year statute
of limitations for filing a federal habeas corpus petition began
running in this case and ran for 11 months.  Even though the
limitations period was tolled for the one day his first state post-
conviction motion was "pending," August 10, 2006, it began running
again on August 11, 2006.  It then apparently ran without further
interruption until it expired a month later on or about September
10, 2006.  Petitioner's filed his 1507 motion on November 13, 2006,

---

[1]   The court only mentions these tentative findings regarding the timeliness of the Petition to alert Mr. Mainville to an additional legal hurtle he will have to overcome should he seek to file another federal habeas corpus petition challenging this conviction.  The court dismisses this action without prejudice based on lack of exhaustion, and therefore declines to provide petitioner with an opportunity to show possible grounds for equitable tolling of the limitations period.

which was after the limitations period had already expired, and thus this second state action had no tolling effect.

The court concludes that this action should be dismissed, without prejudice, for failure to exhaust state court remedies.

**IT IS THEREFORE ORDERED** that petitioner's motion to proceed without prepayment of fees (Doc. 4) is denied as moot.

**IT IS FURTHER ORDERED** that this action is dismissed, without prejudice, and all relief is denied.

**IT IS SO ORDERED.**

Dated this 21st day of June, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge